# EXHIBIT "A"



Richard J. Boyd
*Direct:* 215.383.0229
*Cell:* 267.968.1828
rboyd@delucalevine.com

December 22, 2014

**SENT VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**      **7014 1820 0000 4825 8987**

Heat Controller, Inc.
1900 Wellworth Avenue
Jackson, MI 49203

> **Re:** **Christopher L. Taylor and Nancy Strohm v. Heat Controller, Inc., et al**
> **2014-02179**

Dear Sir/Madam:

This office represents the Plaintiff in the above-captioned matter. Enclosed please find a Complaint which has been filed against you in the Court of Common Pleas of Lebanon County. Please forward this matter to your insurance company or attorney immediately to avoid a possible default judgment being entered against you. You must take action within twenty (20) days pursuant to the Pennsylvania Rules of Civil Procedure

Thank you for your courtesy and cooperation.

**Very truly yours,**

de LUCA LEVINE LLC

**RICHARD J. BOYD**

RJB/dbb
Enclosure

COPY

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

LEBANON _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |
| 2014-02179 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: Christopher L. Taylor | Lead Defendant's Name: Heat Controller, Inc. |
|---|---|
| **Are money damages requested?** ☒ Yes ☐ No | Dollar Amount Requested: ☐ within arbitration limits (check one) ☒ outside arbitration limits |
| **Is this a Class Action Suit?** ☐ Yes ☒ No | **Is this an MDJ Appeal?** ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: Richard J. Boyd, Jr.

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☒ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLTY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

de LUCA LEVINE LLC
BY: RICHARD J. BOYD, JR., ESQUIRE
IDENTIFICATION NO.: 84035
THREE VALLEY SQUARE, SUITE 220
BLUE BELL, PA 19422
(215) 383-0229

ATTORNEY FOR PLAINTIFFS,
CHRISTOPHER TAYLOR AND
NANCY STROHM

CHRISTOPHER L. TAYLOR AND
NANCY STROHM
901 S. Second Avenue
Lebanon, PA 17042

           **Plaintiff(s)**

      **v.**

HEAT CONTROLLER, INC.
1900 Wellworth Avenue
Jackson, MI 49203

   **And**

HEAT CONTROLLER, LLC
601 Abbot Road
East Lansing, MI 48823

   **And**

MOTORS & ARMATURES, INC.
250 Rabro Drive East
Hauppauge, NY 11788

           **Defendants**

COURT OF COMMON PLEAS
LEBANON COUNTY

CIVIL ACTION NO: 2014- 02179

## NOTICE

    You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE:

**LAWYER REFERRAL SERVICE**
**Lebanon County Bar Association**
**242 S. Eighth Street**
**Lebanon, PA 17042**
**(717)273-3113**

de LUCA LEVINE LLC
BY: RICHARD J. BOYD, JR., ESQUIRE
IDENTIFICATION NO.: 84035
THREE VALLEY SQUARE, SUITE 220
BLUE BELL, PA 19422
(215) 383-0229

ATTORNEY FOR PLAINTIFFS,
CHRISTOPHER TAYLOR AND
NANCY STROHM

CHRISTOPHER L. TAYLOR AND
NANCY STROHM
901 S. Second Avenue
Lebanon, PA 17042

                Plaintiff(s)

       v.

HEAT CONTROLLER, INC.
1900 Wellworth Avenue
Jackson, MI 49203

And

HEAT CONTROLLER, LLC
601 Abbot Road
East Lansing, MI 48823

And

MOTORS & ARMATURES, INC.
250 Rabro Drive East
Hauppauge, NY 11788

                Defendants

COURT OF COMMON PLEAS
LEBANON COUNTY

CIVIL ACTION NO: 2014- 02179

## COMPLAINT

    Plaintiffs, Christopher L. Taylor and Nancy Strohm, by and through their undersigned counsel, hereby demand judgment against Defendants, and complain against them as follows:

    1.    Plaintiffs, Christopher L. Taylor and Nancy Strohm, are adult individuals and, at all times relevant hereto, owned and resided at the home located at 901 S. Second Avenue, Lebanon, PA 17042 (hereinafter the "subject property").

2.     At all times relevant hereto, Defendant, Heat Controller, Inc., (hereinafter "HC, Inc.") was, upon information and belief, a Michigan corporation and was regularly conducting business in the Commonwealth of Pennsylvania, County of Lebanon.

3.     Defendant, HC, Inc., at all times relevant hereto, was in the business of, *inter alia*, manufacturing, selling, designing, distributing, and marketing dehumidifiers, including the dehumidifier (hereinafter the "product") at issue in this case.

4.     At all times relevant hereto, Defendant, Heat Controller, LLC, (hereinafter "HC, LLC") was, upon information and belief, a Delaware corporation and was regularly conducting business in the Commonwealth of Pennsylvania, County of Lebanon.

5.     Defendant, HC, LLC, at all times relevant hereto, was in the business of, *inter alia*, manufacturing, selling, designing, distributing, and marketing dehumidifiers, including the dehumidifier (hereinafter the "product") at issue in this case.

6.     At all times relevant hereto, Defendant, Motors & Armatures, Inc., (hereinafter "MARS") was, upon information and belief, a New York corporation and was regularly conducting business in the Commonwealth of Pennsylvania, County of Lebanon.

7.     Defendant, MARS, at all times relevant hereto, was in the business of, *inter alia*, manufacturing, selling, designing, distributing, and marketing dehumidifiers, including the dehumidifier (hereinafter the "product") at issue in this case.

8.     On or about June 24, 2014, a fire erupted in the product at the subject property causing extensive damage to the Plaintiffs' real and personal property, as well as the imposition of additional expenses and hardship besides, which was directly and proximately caused by Defendants and is further and more fully described below.

## COUNT I – NEGLIGENCE
## PLAINTIFFS vs. HEAT CONTROLLER, INC.

9.      Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

10.     The aforementioned damages were the direct and proximate result of the negligence and carelessness of HC, Inc., by and through its employees, agents, technicians, vendors, subcontractors and/or servants, more specifically described as follows:

    a.      failing to exercise reasonable care in the following manner:

        i.      failing to manufacture, assemble, sell, design, transport, distribute, test and/or market a properly functioning product;

        ii.     failing to properly inspect and/or test the product and/or its component parts;

        iii.    failing to properly determine and ensure that the subject product was in compliance with applicable industry standards;

        iv.     failing to provide safe and adequate warnings or instructions with the product; and /or

        v.      manufacturing, marketing, distributing and/or selling the product when Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which purchased.

    b.      failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    c.      failing to adequately warn consumers and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

    d.      failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e. failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and

f. failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications, laws, and standards.

11. As a direct and proximate result of the negligence and carelessness of HC, Inc., Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardships, in an amount in excess of $50,000.00.

**WHEREFORE**, Plaintiffs, Christopher L. Taylor and Nancy Strohm respectfully request judgment against Defendant, Heat Controller, Inc., individually, jointly, severally and/or otherwise, in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – STRICT LIABIILTY
## PLAINTIFFS vs. HEAT CONTROLLER, INC.

12. Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

13. HC, Inc., at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, selling, designing, distributing, and marketing dehumidifiers, and specifically did so with the product at issue in this case.

14. HC, Inc., designed, manufactured, distributed, tested and/or sold the subject product in a defective condition, unreasonably dangerous to consumers.

15. HC, Inc., knew or should have known that the subject product would, and

did, reach the subject property without substantial change from the condition in which originally distributed and sold.

16.     The aforementioned defects consisted of:

    (a)     design defects;

    (b)     manufacturing defects;

    (c)     component defects;

    (d)     a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

17.     As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship, in an amount in excess of $50,000.00.

18.     For these reasons, HC, Inc., is strictly liable to plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

**WHEREFORE,** Plaintiffs, Christopher L. Taylor and Nancy Strohm respectfully request judgment against Defendant, Heat Controller, Inc., individually, jointly, severally and/or otherwise, in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III-BREACH OF EXPRESS AND IMPLIED WARRANTIES
### PLAINTIFFS vs. HEAT CONTROLLER, INC.

19.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

20.     At the time of the sale and/or distribution of the subject product, HC, Inc.,

had reason to know the particular purpose to which the subject product would be used (i.e. residential application) and they were being relied upon to furnish a suitable product. Thus, HC, Inc., breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required as it was prone to overheating, failure and ignition under normal operation.

21.     In addition, HC, Inc., breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

22.     In addition, HC, Inc., breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product in derogation of 13 Pa. C.S.A. § 2-313. (HC, Inc., has better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

23.     Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by HC, Inc., of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in derogation of 13 Pa. C.S.A. § 2-313.

24.     Plaintiffs have met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiffs, Christopher L. Taylor and Nancy Strohm respectfully request judgment against Defendant, Heat Controller, Inc., individually, jointly, severally and/or otherwise, in an amount in excess of $50,000.00, plus costs incident to this suit,

delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT IV – NEGLIGENCE
### PLAINTIFFS vs. HEAT CONTROLLER, LLC

25.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

26.     The aforementioned damages were the direct and proximate result of the negligence and carelessness of HC, LLC, by and through its employees, agents, technicians, vendors, subcontractors and/or servants, more specifically described as follows:

    a.     failing to exercise reasonable care in the following manner:

        i.     failing to manufacture, assemble, sell, design, transport, distribute, test and/or market a properly functioning product;

        ii.     failing to properly inspect and/or test the product and/or its component parts;

        iii.     failing to properly determine and ensure that the subject product was in compliance with applicable industry standards;

        iv.     failing to provide safe and adequate warnings or instructions with the product; and /or

        v.     manufacturing, marketing, distributing and/or selling the product when Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which purchased.

    b.     failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

    c.     failing to adequately warn consumers and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d.      failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e.      failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and

f.      failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications, laws, and standards.

27.     As a direct and proximate result of the negligence and carelessness of HC, LLC, Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardships, in an amount in excess of $50,000.00.

**WHEREFORE**, Plaintiffs, Christopher L. Taylor and Nancy Strohm respectfully request judgment against Defendant, Heat Controller, LLC, individually, jointly, severally and/or otherwise, in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT V – STRICT LIABIILTY
## PLAINTIFFS vs. HEAT CONTROLLER, LLC

28.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

29.     HC, LLC, at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, selling, designing, distributing, and marketing dehumidifiers, and specifically did so with the product at issue in this case.

30.     HC, LLC, designed, manufactured, distributed, tested and/or sold the

subject product in a defective condition, unreasonably dangerous to consumers.

31.     HC, LLC, knew or should have known that the subject product would, and did, reach the subject property without substantial change from the condition in which originally distributed and sold.

32.     The aforementioned defects consisted of:

    (a)     design defects;

    (b)     manufacturing defects;

    (c)     component defects;

    (d)     a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

33.     As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship, in an amount in excess of $50,000.00.

34.     For these reasons, HC, LLC, is strictly liable to plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

**WHEREFORE**, Plaintiffs, Christopher L. Taylor and Nancy Strohm respectfully request judgment against Defendant, Heat Controller, LLC, individually, jointly, severally and/or otherwise, in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT VI-BREACH OF EXPRESS AND IMPLIED WARRANTIES
### PLAINTIFFS vs. HEAT CONTROLLER, LLC

35.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this

Complaint as though they were set forth at length herein.

36.     At the time of the sale and/or distribution of the subject product, HC, LLC, had reason to know the particular purpose to which the subject product would be used (i.e. residential application) and they were being relied upon to furnish a suitable product. Thus, HC, LLC, breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required as it was prone to overheating, failure and ignition under normal operation.

37.     In addition, HC, LLC, breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

38.     In addition, HC, LLC, breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product in derogation of 13 Pa. C.S.A. § 2-313.  (HC, LLC, has better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

39.     Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by HC, LLC, of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in derogation of 13 Pa. C.S.A. § 2-313.

40.     Plaintiffs have met any and all conditions precedent to recovery for such breaches.

WHEREFORE, Plaintiffs, Christopher L. Taylor and Nancy Strohm respectfully request judgment against Defendant, Heat Controller, LLC,

individually, jointly, severally and/or otherwise, in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT VII – NEGLIGENCE
## PLAINTIFFS vs. MOTORS & ARMATURES, INC.

41.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

42.     The aforementioned damages were the direct and proximate result of the negligence and carelessness of MARS, by and through its employees, agents, technicians, vendors, subcontractors and/or servants, more specifically described as follows:

    a.     failing to exercise reasonable care in the following manner:

        i.     failing to manufacture, assemble, sell, design, transport, distribute, test and/or market a properly functioning product;

        ii.     failing to properly inspect and/or test the product and/or its component parts;

        iii.     failing to properly determine and ensure that the subject product was in compliance with applicable industry standards;

        iv.     failing to provide safe and adequate warnings or instructions with the product; and /or

        v.     manufacturing, marketing, distributing and/or selling the product when Defendant knew or should have known that the product and/or its component parts would be inadequate for the reasons for which purchased.

    b.     failing to adequately instruct, supervise and/or train servants, employees and agents as to the proper ways to perform the tasks set forth in subparagraph (a);

c.  failing to adequately warn consumers and others of the dangers and hazardous conditions resulting from the conduct set forth in subparagraph (a) above;

d.  failing to provide, establish, and/or follow proper and adequate controls so as to ensure the proper performance of the tasks set forth in subparagraph (a) above;

e.  failing to retain competent, qualified and/or able agents, employees or servants to perform the tasks set forth in subparagraph (a) above; and

f.  failing to perform the tasks set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications, laws, and standards.

43.  As a direct and proximate result of the negligence and carelessness of MARS, Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardships, in an amount in excess of $50,000.00.

WHEREFORE, Plaintiffs, Christopher L. Taylor and Nancy Strohm respectfully request judgment against Defendant, Motors & Armatures, Inc., individually, jointly, severally and/or otherwise, in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT VIII – STRICT LIABIILTY
## PLAINTIFFS vs. MOTORS & ARMATURES, INC.

44.  Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

45.  MARS, at all times relevant hereto, was engaged in the business of, *inter alia*, manufacturing, selling, designing, distributing, and marketing dehumidifiers, and specifically did so with the product at issue in this case.

46.     MARS designed, manufactured, distributed, tested and/or sold the subject product in a defective condition, unreasonably dangerous to consumers.

47.     MARS knew or should have known that the subject product would, and did, reach the subject property without substantial change from the condition in which originally distributed and sold.

48.     The aforementioned defects consisted of:

    (a)     design defects;

    (b)     manufacturing defects;

    (c)     component defects;

    (d)     a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

49.     As a direct and proximate result of such defects, Plaintiffs sustained and incurred damage to their real and personal property, as well as the imposition of additional expenses and hardship, in an amount in excess of $50,000.00.

50.     For these reasons, MARS is strictly liable to plaintiffs for the damages stated herein under Section 402A of the Restatement (2d) of Torts and the applicable case law of the Commonwealth of Pennsylvania.

**WHEREFORE**, Plaintiffs, Christopher L. Taylor and Nancy Strohm respectfully request judgment against Defendant, Motors & Armatures, Inc., individually, jointly, severally and/or otherwise, in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT IX-BREACH OF EXPRESS AND IMPLIED WARRANTIES
## PLAINTIFFS vs. MOTORS & ARMATURES, INC.

51.     Plaintiffs repeat the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

52.     At the time of the sale and/or distribution of the subject product, MARS had reason to know the particular purpose to which the subject product would be used (i.e. residential application) and they were being relied upon to furnish a suitable product. Thus, MARS breached the implied warranty of fitness for a particular purpose as set out in the Uniform Commercial Code (hereinafter "UCC") at 13 Pa. C.S.A. § 2-315 in that the subject product was not fit for the particular purpose for which such products are required as it was prone to overheating, failure and ignition under normal operation.

53.     In addition, MARS breached its implied warranty of merchantability as set out in 13 Pa. C.S.A. § 2-314 (c) in that the subject product was not fit for the ordinary uses for which the subject product was used.

54.     In addition, MARS breached any and all express warranties made or relating to the subject product that became part of the basis of the bargain for sale of the product in derogation of 13 Pa. C.S.A. § 2-313. (MARS has better access to said warranties and, therefore, is not prejudiced by them not being attached hereto).

55.     Plaintiffs' damages as set forth above occurred as a direct and proximate result of the breach by MARS of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.  § 2-315 and § 2-314 (c) and as a result of the breach of its expressed warrantees in derogation of 13 Pa. C.S.A. § 2-313.

56.     Plaintiffs have met any and all conditions precedent to recovery for such breaches.

**WHEREFORE**, Plaintiffs, Christopher L. Taylor and Nancy Strohm

respectfully request judgment against Defendant, Motors & Armatures, Inc.,

individually, jointly, severally and/or otherwise, in an amount in excess of

$50,000.00, plus costs incident to this suit, delay damages, and attorney fees,

and for such other relief as this Honorable Court shall deem appropriate under

the circumstances.

de LUCA LEVINE LLC

BY: _____

RICHARD J. BOYD, JR.
Attorneys for Plaintiffs,
Christopher L. Taylor and
Nancy Strohm

Dated: 12/10/14

## VERIFICATION

I, **RICHARD J. BOYD, Jr.**, do hereby state that I am a counsel for Plaintiffs in the within action, and as such do hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.  The undersigned understands that the statements therein are made subject to penalties of 18 PA.C.S. §4904 relating to unsworn falsification to authorities.

RICHARD J. BOYD, JR.

Dated:  12/10/14

de Luca
Levine

*SUBROGATION ATTORNEYS*

ree Valley Square, Suite 220
Blue Bell, PA 19422

7014 1820 0000 4825 8987

Heat Controller, Inc.
1900 Wellworth Avenue
Jackson, MI 49203

neopost
12/22/2014
US POSTAGE
$007.
ZIP 19422
041L10245

RECEIVED
DEC 3 1 2014